(No. 6461—)

LUKE J. GRIMELLI, M.D., Claimant, *v.* STATE OF ILLINOIS, Respondent.

*Opinion filed March 29, 1978.*

VITO DALEO, Attorney for Claimant.

WILLIAM J. SCOTT, Attorney General; SAUL WEXLER, Assistant Attorney General, for Respondent.

POLOS, C.J.

This is a claim by Dr. Luke J. Grimelli to recover the sum of $380.00 which he contends he is owed for diagnostic consultations and laboratory tests performed on five patients at the request of the Division of Vocational Rehabilitation of the State of Illinois.

The parties waived the filing of briefs, and the only issue before the Court is whether Claimant is entitled to recover for the work he claims he performed.

The record establishes that Claimant was authorized by the Division of Vocational Rehabilitation to examine five patients and file reports to determine whether they were eligible for payments under the Federal Disability Program. In order to determine disability, time was of the essence so that those persons who qualified could receive payments as soon as possi-

ble. As to all five patients, the Claimant's authorization was cancelled due to his delay in filing the reports. In three instances, no report was ever received from Claimant; in the other two cases, reports were received after the cancellation had been sent to Claimant.

A brief summary of evidence as to each of the five patients involved is as follows:

1. Geraldine Holland the sum of $75.00
 Examined May 19, 1970.
 Tests performed May 26, 1970.
 Notice of cancellation sent July 6, 1970.
 Report mailed by Claimant August 20, 1970.
 Report returned to Claimant.

2. Phronia Belcher the sum of $92.00
 Examined June 18, 1970.
 No report received.
 Claimant alleges report sent Sept. 18, 1970.
 Notice of Cancellation Dec. 8, 1970.

3. Julia Notaro the sum of $90.00
 Examined June 12, 1970.
 No report received.
 Claimant alleges report sent Sept. 18, 1970.
 Notice of cancellation Dec. 8, 1970.

4. Ruby Roundy the sum of $64.00
 Examined June 23, 1970.
 No report received.
 Claimant alleges report sent Sept. 18, 1970.
 Notice of cancellation sent Dec. 8, 1970.

5. Evelyn Zaborsky the sum of $59.00
 Examined June 9, 1970.
 Cancellation sent July 8, 1970.
 Report sent August 20 and returned to Claimant.

In none of the instances did Claimant recall receiving notice of cancellation, although he did recall having "received some mail . . . but I don't know exactly what it was." The Claimant tried to ascribe the delay in his preparing reports to the fact that patients often had to be sent to hospitals for tests, but on cross-examination, he admitted that all five of the patients in-

volved were tested in "our building, our laboratories," the same building in which Claimant examined the patients. Moreover, in every instance the patients were tested on the same day as the doctor examined them, and in one case, before the patient was examined by Claimant.

Because of Claimant's delay in returning his reports, Respondent had to have the examinations, tests and reports on the five patients performed by other doctors, since the Division of Rehabilitation attempts to have determination of disability made within 30 days of the application date. Although Claimant allegedly mailed three reports before notices of cancellation were sent to him he admitted that he personally did not mail them, that he was in the process of moving his office, and that, in one instance, the date of mailing was two weeks after the report had been prepared.

In view of the fact that the Respondent had to engage other doctors to perform the services for which Claimant seeks payment, and in view of Claimant's failure to provide these services in a timely manner, Claimant has failed to establish that he is entitled to recover on his claim.

It is therefore ordered that this claim be and hereby is, denied.